IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TASHEKA ECHOLS                                                                          PLAINTIFF

VS.                                                                              NO. 3:03CV140-D-A

LANDAU UNIFORMS, INC.                                                          DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

On September 16, 1997, the Plaintiff was hired by the Defendant, a uniform manufacturer, as an order picker. The Plaintiff worked as an order picker for two years and then became a stocker. In January 2002, the Plaintiff was diagnosed by Dr. Usha J. Mehta as "pregnant with some bleeding" and was placed on bed rest. The Plaintiff provided documentation of her medical condition and the Defendant allowed her time off as prescribed by Dr. Mehta. On February 16, 2002, the Plaintiff suffered a miscarriage. As a result, Dr. Mehta placed the Plaintiff on bed rest from February 16th through the 21st. The Plaintiff returned to work February 22, 2002, without restrictions.

Following her return to work, the Plaintiff repeatedly failed to achieve her production goals and efficiency rating. The Plaintiff received several written warnings about her deficient performance. On October 14, 2002, the Plaintiff was terminated for unsatisfactory job performance. The Plaintiff's duties were redistributed among other employees.

The Plaintiff filed this action claiming that her termination is in direct violation of the Pregnancy Discrimination Act. Despite ample opportunity, the pro se Plaintiff has not retained

counsel to represent her in this matter. Additionally, in direct violation of an order to comply with discovery, the Plaintiff has repeatedly failed to participate in the discovery process. The Defendant states that it has had no contact with the Plaintiff since September 9, 2004.

*B. Standard for Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

Title VII as amended by the Pregnancy Discrimination Act specifically prohibits discrimination based on pregnancy and related medical conditions. 42 U.S.C. § 2000e(k). In order to establish a prima facie case of discrimination, a plaintiff must demonstrate (1) that she was a member of a protected class; (2) that she was qualified for the position; (3) that she was discharged; and (4) after she was discharged she was replaced with a person who is not a member of the protected class. McLaughlin v. W & T Offshore, Inc., 78 Fed. Appx. 334, 338 (5th Cir. 2003). As is the case here, when there is insufficient direct evidence of discrimination, the McDonnell Douglas burden shifting framework will apply. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). Once a plaintiff has established a prima facie case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the discharge. Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003). Assuming the defendant employer satisfies this burden of production, the inference of discrimination created by the plaintiff's prima facie showing is discarded. West v. Nabors Drilling USA, Inc., 330 F.3d 379, 385 (5th Cir. 2003). The plaintiff may prevail if he persuades the trier of fact that the employer's proffered reason for the discharge is a pretext for discrimination. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002).

Here, it is dubious whether the Plaintiff has even established a prima facie case of discrimination. However, for the sake of argument the Court will assume, without deciding, that such a demonstration had been attempted and was successful.[1] The bare bones complaint alleges that the Plaintiff was terminated because she was pregnant or because of her pregnancy related condition.

---

[1] The Plaintiff has made no attempt to pursue her claim or participate in the litigation of this matter.

The Plaintiff provides no information or proof beyond this allegation. The Defendant contends, and supports with documentation, that the Plaintiff was discharged due to poor work performance.

In order to create a jury question, there must be "a conflict in substantial evidence." Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir. 1969). Substantial evidence includes "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Id. at 374. Further, "[a] mere scintilla of evidence is insufficient to present a question for the jury." Id. However, even if the evidence is more than a scintilla, Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict." Neely v. Delta Brick and Tile Co., Inc., 817 F.2d 1224, 1226 (5th Cir. 1987). Since the Plaintiff has not presented any evidence of pretext or of any other element of her claim, a lengthy analysis of the issue is unwarranted.

It is routinely recognized that a plaintiff's own subjective beliefs no matter how sincere cannot alone support a charge of discrimination. Marks v. St. Landry Parish Sch. Bd., No. 02-31217, 2003 WL 22080747 at *2 (5th Cir. Sept. 9, 2003) (holding that a plaintiff's subjective belief he has been the victim of discrimination, no matter how sincerely held, cannot alone serve as a basis for judicial relief); Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983) (same). This is even more forceful "in the face of adequate, nondiscriminatory reason for discharge." Portis v. First Nat'l Bank of New Albany, Miss., 34 F.3d 325, 329 (5th Cir. 1994). Such is the case here. The Defendant has supported its nondiscriminatory basis for termination with ample evidence. The Defendant's evidence easily overwhelms the Plaintiff's deficient case which is built entirely on her own unsubstantiated complaints and suspicion.

It is not the Court's duty to question the prudence of the Defendant's judgement, nor to

speculate and search for discriminatory meaning behind every act.  It is, however, the Plaintiff's responsibility to demonstrate the existence of a jury issue regarding the "employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation."  <u>Sandstad</u>, 309 F.3d at 897.  The Plaintiff has done neither.  The Plaintiff has failed to reveal any discriminatory intent or disclose that the Defendant's reason for discharge was fictitious.  Accordingly, the Court finds that the Plaintiff has failed to demonstrate the existence of a genuine issue of material fact.  Therefore, summary judgment is appropriate as to the Plaintiff's claim of discrimination.

       SO ORDERED, this the 11th day of August, 2005.

                                             <u>/s/ Glen H. Davidson</u>
                                             Chief Judge